IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENNIE K. ELLISON, No. R-00575,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-cv-00168-MJR |
| | ) |
| **PAT QUINN,** | ) |
| **ADAM MONREAL,** | ) |
| **TIMOTHY J. JOYCE,** | ) |
| **JOSEPH G. KAZMIERSKI,** | ) |
| **MARZELL L. RICHARDSON, JR.,** | ) |
| **MICHAEL PELLETER, and** | ) |
| **ALAN GOLDBERG,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  Petitioner Bennie K. Ellison, is currently incarcerated at Stateville Correctional Center on a temporary basis; he is officially assigned to Lawrence Correctional Center, which is within the Southern District of Illinois. Ellison is serving a six-year sentence for being an armed habitual criminal, and a 10-year sentence for manufacturing and delivering cocaine. Ellison, proceeding *pro se*, seeks leave to file a "Conspiracy Hate Crimes Petition of Mandamus" (Doc. 1). Because leave of court is not required to initiate a mandamus action, Ellison's petition has been filed (Doc. 2). The petition is aimed at the Governor of Illinois, Chairman of the Prisoner Review Board, three Circuit Court judges, and three members of the Illinois Appellate Defender's Office.

  In essence, Ellison wants this district court to order that Ellison be pardoned and/or granted clemency, and his convictions be expuged relative to the following cases: No.

09-CR-6542, 09-CR-6863 and 10-CR-5208.[1]  He contends that, because the respondents have failed to apply state and federal laws, statutes and Supreme Court rulings, he has been kept in prison despite his actual innocence.   Ellison further asserts that the respondents' conspiracy constitutes a hate crime against his Messianic Hebrew religion and racial discrimination, and his unjust incarceration amounts to kidnapping.

Most recently, Ellison filed "Sua Sponte Exigent Petition for Immed[iate] Release Writ of Actual Innocence Habeas Corpus," pursuant to 28 U.S.C. §§ 2241 and 2254 (Doc. 6). This petition attacks only Case Nos. 09-CR-6863 and 09-CR-6542, omitting 10-CR-5208 (*see* Doc. 6, p. 8). The proposed amended petition makes the same basic assertions as the petition for mandamus.  However, Ellison makes clear that he is also taking issue with his request for a pardon, which is pending with Governor Quinn, at least as of February 7, 2013 (*see* Doc. 6, p. 17).  The Court construes this document as a motion for leave to amend the petition.[2]  Federal

---

[1] The Court has been able to discern that Case No. 09-CR-6542 was prosecuted in Cook County, Illinois; Ellison was convicted of being an armed habitual criminal.  Case No. 09-CR-6863 was also prosecuted in Cook County; Ellison was convicted of manufacturing and delivering cocaine. The petition indicates that Case No. 10-CR-5208 was also prosecuted in Cook County, but this Court has been unable to discover the charged offense.  In another Section 2254 petition, *Ellison v. Godinez*, 12-CV-01186-DRH (S.D.Ill. Jan. 9, 2013) (transferred to the District Court for the Northern District of Illinois and renumbered 13-CV-373), Ellison indicates that Case No. 10-5208 is not final.  *See* Case No. 12-CV-01186-DRH, Doc. 1-1, p. 5.

[2] The Court takes notice of the fact that Ellison has a related mandamus petition pending in this district before United States District Judge G. Patrick Murphy: *Ellison v. Kennelly, et al.*, Case No. 13-CV-00107-GPM (S.D. Ill. Jan. 28, 2013).  It is captioned "Emergency Federal Petition of Mandamus for Sua Sponte Orders", and is aimed at seven federal judges in the Northern District of Illinois, two judges in the Central District of Illinois and seven judges in the Seventh Circuit Court of Appeals.  That case also pertains to Ellison's efforts to have his convictions overturned. The Court further observes that Ellison has filed 18 cases in the District Court for the Northern District of Illinois, and that district banned Ellison from filing any new civil cases pro se, and set up a repository for any future filings. *See In the Matter of Bennie Ellison*, No. 12-CV-7536 (N.D. Ill. Sept. 14, 2012).

Rule of Civil Procedure 15(a) dictates that a party may amended once as a matter of course. Therefore, the Court will consider all three bases of jurisdiction.

Ellison also moves for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. 1915 (Doc. 3), and for appointment of counsel (Doc. 4). He incorporates these same requests in his recent filing (Doc. 6), but the Court considers them duplicative and has not docketed them as separate motions.

Under 28 U.S.C. § 1915A, as well as Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to conduct a prompt threshold review of the complaint. Accepting Petitioner's allegations as true, the Court finds that this action is subject to summary dismissal for the following reasons.

1. **Subject Matter Jurisdiction**

    a. **Mandamus**

    The writ of mandamus has been abolished.   *See*   Fed.R.Civ.P. 81(b). Nevertheless, there are two federal statutes that a party may invoke to obtain a writ of mandamus: 28 U.S.C. § 1361 and 28 U.S.C. § 1651.   Ellison has not specified a basis for his action.

    Section 1361, titled "Action to compel an officer of the United States to perform his duty," provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."   Thus, federal courts have no power under Section 1361 to issue writs of mandamus to state officers.

    Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions

and agreeable to the usages and principles of law." Unlike Section 1361, Section 1651 is only a mechanism by which the Court asserts its jurisdiction, it is not a source of jurisdiction. *United States v. Illinois Bell Telephone Co.*, 531 F.2d 809, 814 (7th Cir. 1976).

A writ of mandamus pursuant to Section 1651 "has traditionally been used in the federal courts only to confine an *inferior court* to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976) (internal citations and quotations omitted and emphasis added). Generally, a federal court cannot "issue mandamus to a state judicial officer to control or interfere with state court litigation." *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (citing *White v. Ward*, 145 F.3d 1139 (10th Cir.1998) (*per curiam*); *Demos v. United States District Court*, 925 F.2d 1160 (9th Cir. 1991); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970)). Similarly, this Court lacks jurisdiction "to issue a mandamus against state officials for violating their duties under state law," *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 469 (7th Cir. 1988); *see also In re Campbell,* 264 F.3d 730, 731 (7th Cir. 2001).

Furthermore, there is no apparent basis for a federal constitutional claim that would permit mandamus relief. The Illinois Constitution provides that "[t]he Governor may grant reprieves, commutations and pardons, after conviction, for all offenses on such terms as he thinks proper. The manner of applying therefore may be regulated by law." Ill. Const.1970, art. V, § 12. This clearly is a matter of discretion, not something that can be mandated. There is no constitutional right to a pardon or clemency, not even to a hearing on those matters. *See Herrera v. Collins*, 506 U.S. 390, 412-417 (1993). *See also District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-68 (2009) ("noncapital defendants do not have a liberty

interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law").

For these reasons, the Court shall dismiss the petition for writ of mandamus for lack of subject matter jurisdiction.

### b. Section 2254

Ellison fairs no better under 28 U.S.C. § 2254.

The Anti–Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). According to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, if the petitioner is currently in custody, the proper respondent is the sate officer who has custody of the petitioner.

None of the eight named respondents has custody of Petitioner Ellison. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895 (9th Cir. 1996) (governor is not a proper respondent). Normally, the Court would merely substitute the warden of the prison where Ellison is in custody, but that location and Ellison's custody status is not at all clear.

Ellison's Section 2254 petition has another more problematic flaw that this Court cannot remedy—it is a successive petition.

Whether proceeding under 28 U.S.C. § 2254 or § 2255, a habeas petitioner must get permission from the Court of Appeals before filing second or successive petition in the district courts. 28 U.S .C. § 2244(b); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003). *See also Nunez v. U.S.,* 96 F.3d 990, 991 (7th Cir.1996) ("No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or

successive petition."). A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. U.S.,* 259 F.3d 763 (7th Cir.2001).

Ellison has filed multiple Section 2254 petitions, including but not limited to: *Ellison v. Godinez*, 13-CV-00373 (N.D. Ill. Nov. 19, 2012 (on transfer from S.D. Ill.)); *Ellison v. Pfister*, 12-CV-07248 (N.D. Ill. Aug. 24, 2012); and *Ellison v. Hardy*, Case No. 12-CV-06441 (N.D. Ill. Nov. 9, 2012). *Ellison v. Godinez*, 13-CV-00373 (N.D. Ill. Nov. 19, 2012), concerns the same two trial court judgments at issue here: Case Nos. 09-CR-6542 and 09-CR-6863. A petition will not be deemed successive if the later-filed petition raises previously unripe claims (*United States v. Obeid*,__F.3d__, 2013 WL 646511 at *3 (7th Cir. Feb. 22, 2013)), but that is not the situation. Ellison even presents the same arguments regarding actual innocence. Therefore, this present petition is clearly successive.

There is no indication that Ellison has obtained permission from the Court of Appeals to bring this case; therefore, dismissal is appropriate. *See Walker v. Roth,* 133 F.3d 454, 455 n. 1 (7th Cir. 1997) (dismissal as successive is proper where prisoner seeks to challenge aspects of a previously-challenged conviction). This Court lacks jurisdiction. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005).

  c. <u>Section 2241</u>

Pursuant to 28 U.S.C. § 2241(c)(3), the writ of habeas corpus may extend to prisoners "in custody in violation of the Constitution or laws or treaties of the United States," which is, essentially, what Ellison is asserting.

Again, Ellison has failed to name a proper respondent to a Section 2241 petition. The person with immediate physical custody over the petitioner with the power to produce the

petitioner in court is the "person who has custody over" the petitioner for purposes of Section 2241, not the person under whose authority the petitioner is detained. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 953 (7th Cir. 2006). Therefore, this Court lacks subject matter jurisdiction on that basis alone.

The Court of Appeals for the Seventh Circuit has made clear that a petitioner cannot evade the successive petition bar relative to Section 2254 petitions by bringing an action under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). *See also Rittenberry v. Morgan*, 468 F.3d 331, 336-337 n. 3 (6th Cir. 2006) (collecting cases). "Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Walker*, 216 F.3d at 633. Therefore, for the same reasons the Court lacked jurisdiction over Ellison's

Section 2254 petition, his Section 2241 petition also must be dismissed as premature.

**2. Pauper Status**

In *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996), the Court of Appeals for the Seventh Circuit concluded that a petition for mandamus in civil litigation falls within the scope of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L. 104-134, Title VIII, 110 Stat.1321.[3] Consequently, the PLRA is applicable. At the time this action was initiated, Ellison only sought a writ of mandamus. Ellison's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[3] In *Walker v. O'Brien*, 216 F.3d 626, 633-637 (7th Cir. 2000), 28 U.S.C. §§ 2241, 2254 and 2255 were found to be beyond the reach of the PLRA.

The PLRA precludes a prisoner from bringing a civil action *in forma pauperis* if at least three of the inmate's prior lawsuits have been dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). An exception exists—when a prisoner is in danger of serious injury—which does not apply here. *See Turley v. Gaetz,* 625 F.3d 1005, 1006-1009 (7th Cir. 2010). This Court need not blindly accept Ellison's assertions of imminent danger. *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010). More to the point, Ellison's bare assertion that his wrongful convictions have placed him in prison where he faces "life endangerments, unprotected, unhealthy & unsafe living [conditions]" is too attenuated to exclude him from the three strikes bar. *See Pettus v. Morgenthau*, 554 F.3d 293, 298-299 (2d Cir. 2009) (there must be an adequate nexus, "fairly traceable" between imminent harm and the legal claims).

The Court notes that Plaintiff Ellison has already had far more than three other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Ellison v. Illinois*, No. 07-CV- 2296 (N.D. Ill. Nov. 9, 2007); *Ellison v. Sheriff of Cook County*, No. 09-CV-5438 (N.D. Ill. Feb. 2, 2010); and *Ellison v. United States Judicial Committee of District Court*, No. 11-CV-1764 (N.D. Ill. March 22, 2011); *Ellison v. U.S. Judicial Exec & Adm. Operations of the Dist. Court,* No. 11-CV-1764 (N.D.Ill. March 22, 2011); *Ellison v. Manion,* No. 11-CV- 2600 (N.D. Apr. 26, 2011); *Ellison v. Joyce*, No. 11-CV-2722 (N.D. Ill. May 23, 2011); and *Ellison v. IDOC*, No. 11-CV- 6296 (N.D. Ill. Sept. 19, 2011). In fact, after Ellison filed 18 cases in the District Court for the Northern District of Illinois, that district banned Ellison from filing any new civil cases *pro se*, and set up a repository for any future filings. *In the Matter of Bennie Ellison*, No. 12-CV-7536 (N.D. Ill. Sept. 14, 2012).

Consequently, his motion for leave to proceed as a pauper (Doc. 3) is denied, and his $350 filing fee must be paid, regardless of the fact that this action is being dismissed in its entirety.

The Court notes that, because Ellison did not disclose his litigation history to the Court, this action is subject to immediate dismissal on that basis alone—at least relative to his petition for a writ of mandamus. *See generally Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-859 (7th Cir. 1999).

### 3. Pending Motion

Plaintiff's pending motion for appointment of counsel and "special fed[eral] investigators" (Doc. 4) is **DENIED AS MOOT**.

### 4. Disposition

Ellison's motion for leave to file his original petition for a writ of mandamus (Doc. 1) is **DENIED AS MOOT**, as the petition was filed at Doc. 2.

Pursuant to Federal Rule of Civil Procedure 15(a), Petitioner's motion for leave to amend his petition (Doc. 6) is **GRANTED**.

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted due to lack of subject matter jurisdiction over any of the three asserted bases for relief.

Petitioner Ellison's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Accordingly, it is hereby **ORDERED** that Petitioner's motion for leave to proceed IFP in this case (Doc. 3) is **DENIED**. It is **FURTHER ORDERED** that Petitioner shall

pay the full filing fee of $350.00 for this action within **twenty-one (21) days** of the date of entry of this Order.

Petitioner is **ADVISED** that failure to pay the $350.00 filing fee by the prescribed deadline will likely result in Petitioner being barred from filing any new papers in this Court until such time as he has paid to the Clerk of Court the filing fee for this action in full. *See Ammons v. Gerlinger,* 547 F.3d 724, 726 (7th Cir. 2008) (*citing Newlin v. Helman,* 123 F.3d 429, 436–437 (7th Cir.1997)); *United States ex rel. Verdone v. Circuit Ct. for Taylor County,* 73 F.3d 669, 674–675 (7th Cir. 1995); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir.1985).

Petitioner is **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

Petitioner's pending motion for appointment of counsel and "special fed[eral] investigators" (Doc. 4) is **DENIED AS MOOT**.

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

5. **Certificate of Appealability**

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.*  This petition has been dismissed without prejudice becasue Petitioner can *possibly* remedy the noted shortcomings. Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appeal ability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004).

Out of an overabundance of caution, and given Petitioner's lengthy litigation history, the Court will evaluate the whether a certificate of appealability is warranted.

A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDonnell,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).  A petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, petitioner may request that a circuit judge issue the Certificate.  Fed.R.App.P. 22(b)(1)-(3).

Ellison's petition has been dismissed *without* prejudice because (it plainly appeared from the allegations of the petition that Petitioner was not entitled to habeas relief because, for a variety of jurisdictional and procedural reasons, his petition(s) was premature, at best.  Therefore, the Court finds no basis for a determination that the decision was debatable or incorrect.  Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 19, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**